# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| PHOENIX CAPITAL GROUP, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:16-cv-00299 |
| ) | JUDGE CRENSHAW |
| WESTERN EXPRESS INC., and ) | |
| AMAZON.COM, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Phoenix Capital Group, LLC ("Phoenix"), filed this action against Western Express, Inc. ("Western"), and Amazon.com, Inc. ("Amazon"), alleging state law causes of action. The Court has jurisdiction over this matter under 28 U.S.C. § 1332(a). (Doc. No. 34 at 1-2.) Before the Court are Western's and Amazon's motions to dismiss the Amended Complaint for failure to state a claim. (Doc. Nos. 37, 38.) For the following reasons, Amazon's motion is **GRANTED IN PART** and **DENIED IN PART**, and Western's motion is **DENIED**.

I. ALLEGATIONS

On April 8, 2014, Phoenix and FJ Logistics, LLC ("FJ Logistics"), entered into a factoring agreement (the "Original Agreement"). (Doc. No. 34 at 2.) On February 9, 2015, Phoenix and FJ Logistics executed a First Amendment to the Original Agreement. (Id.) On June 3, 2015, Phoenix and FJ Logistics entered into an Amended and Re-Stated Factoring Agreement, which combined with the Original Agreement to create the full contract (the "Agreement"). (Id.) Under the Agreement, FJ Logistics agreed to sell Phoenix its accounts. (Id. at 3.) Phoenix is the absolute and legal owner of any account purchased under the Agreement. (Id.)

Western is a transportation company that coordinates shipping for various companies. (Id.) Western arranged for FJ Logistics to provide shipping services to certain companies, including Amazon. (Id.) FJ Logistics sent invoices to Western for its shipping services, and Western was required to pay the invoices. (Id.)

On September 19, 2014, Phoenix notified Western in writing that it had purchased FJ Logistics' account, and all future payments on invoices should be sent to Phoenix. (Id.) Western then sent payment for FJ Logistics' invoices to Phoenix starting in 2014 and continuing through the present. (Id.) However, Western has fallen behind on its payments to Phoenix. (Id. at 4.) Around the time Western began to fall behind on its payments, Amazon decreased the amount it paid Western for its transportation services. (Id.) As of January 15, 2016, the total principal amount due on the outstanding invoices for services rendered by FJ Logistics for the benefit of Amazon was $2,140,002.80. (Id.)

In January 2016, Western attempted retroactively to renegotiate with FJ Logistics the method for calculating its payments on previously-issued invoices, including invoices covering transportation services from October 1, 2015, through December 31, 2015. (Id.) Phoenix was not a party to these discussions, even though it owned the funds due on the outstanding invoices. (Id.) On January 15, 2016, Western wired a payment directly to Phoenix in the amount of $1,387,119.20. (Id.) No remittance information was provided, and Phoenix applied this amount toward the total balance of Western's obligations to Phoenix. (Id.) After the January 15 payment, Western still owed a principal amount of $752,883.60. (Id.)

Around the same time, Phoenix received a copy of a January 12, 2016 amendment to the Agreement between FJ Logistics and Western (the "Amendment"). (Id.) The Amendment purports to release Western of its liability for payment of the remaining principal amount it owes Phoenix.

2

(Id.) The Amendment references Amazon's decision to make a downward adjustment to the amounts it paid to Western in conjunction with transportation services as a factor relevant to the execution of the Amendment. (Id. at 5.)

On January 20, 2016, Phoenix sent a letter to Western demanding that it pay the remainder of the principal. (Id.) It notified Western that any attempt to alter the principal amount without the consent of Phoenix was void as a matter of law. (Id.) On January 27, 2016, Western replied that it did not owe Phoenix anything based on the Amendment. (Id.) As of the date of the Amended Complaint, neither Western nor Amazon has paid the principal amount that Western owes Phoenix under the Agreement. (Id.)

II. STANDARD OF REVIEW

For purposes of a motion to dismiss under Rule 12(b)(6), the Court must take all the factual allegations in the Amended Complaint as true. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. Id. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. Fritz v. Charter Township of Comstock, 592 F.3d 718, 722 (6th Cir. 2010).

III. ANALYSIS

The Amended Complaint alleges two causes of action: (1) breach of contract against both Western and Amazon, and (2) breach of a quasi-contract, or unjust enrichment, or a constructive trust against Amazon. (Doc. No. 34 at 5-6.) Amazon and Phoenix move to dismiss both claims for failure to state a claim upon which relief may be granted. (Doc. Nos. 37-38.) Further, Western moves to dismiss the Amended Complaint for failure to join FJ Logistics as an indispensable party under Federal Rule of Civil Procedure 19. (Doc. No. 38-1 at 4.)

A. BREACH OF CONTRACT

Both Amazon and Western move to dismiss the breach of contract claim because neither party signed a contract with Phoenix. Phoenix asserts that the Court may somehow find an "express, implied, written, or oral contract" between it and Amazon. (Doc. No. 59 at 3-6.)

Based on the allegations in the Amended Complaint, there is no express, written, or oral contract. (Doc. No. 34.) In Tennessee, to state a breach of contract claim there must be a contract. Jones v. LeMoyne-Owen College, 308 S.W.3d 894, 904 (Tenn. Ct. App. 1999). Phoenix does not allege that it entered into a contract with Amazon, spoke with Amazon, or reached an oral agreement with Amazon. (Id.) Therefore, the only possible theory Phoenix can proceed on would be a breach of an implied contract. Phoenix attempts to apply its facts to Oak Harbor Freight Lines, Inc. v. Sears Roebuck & Co., 513 F.3d 949 (9th Cir. 2008), which applied Washington law to certain bills of lading. In that case, two corporations were found to owe the plaintiff company money under each of their respective written contracts. Specifically, Sears, in a similar position as Amazon in the instant case, generated and signed bills of lading with Oak Harbor, in a similar position as Phoenix in the instant case, creating written contracts. 420 F. Supp. 2d 1138, 1143-44

4

(W.D. Wash. 2006). Oak Harbor then billed NLC, in a similar position to Western in the instant case, and Oak Harbor expected to be paid by NLC. Id. at 1144-45. NLC would bill Sears, which would pay NLC, which would pay Oak Harbor. Id.

Phoenix's allegations vary significantly from the facts in Oak Harbor because Sears and Oak Harbor had actual contracts—the bills of lading. Oak Harbor, 513 F.3d at 955-56. Here, Phoenix does not allege that it, or FJ Logistics, had bills of lading that Amazon breached. Instead, the only allegation in the Amended Complaint regarding Amazon's role is that "around the time Western began to fall behind on payments due and payable to Phoenix, Amazon made a downward adjustment to the amounts it paid to Western in conjunction with transportation services." (Doc. No. 34 at 4.) There is no allegation of any sort of contract between Amazon and FJ Logistics or Phoenix, so there cannot be a breach of contract claim.[1] Therefore, Amazon's motion to dismiss count one is granted.

Western's argument that there is no enforceable contract between it and Phoenix fails. The law dating back before 1887 allowed a party to assign its rights under a contract to another party, allowing the assignee to sue in its own name. Smith v. Hubbard, 2 S.W. 569, ___ (Tenn. 1887) (citing Mutual Protection Ins. Co. v. Hamilton, 5 Sneed 269, ___ (Tenn. 1857)); see Dick Broadcasting Co., Inc. of Tenn. V. Oak Ridge FM, In., 395 S.W.3d 653, ___ (Tenn. 2013) (assuming that the parties have a right to assign their rights under the contract absent a contractual limitation on that right). Phoenix alleges that it bought the rights of FJ Logistics, which had an enforceable contract with Western. Therefore, there is an allegation of an enforceable contract

---

[1] Although Phoenix mentions the words "implied contract" in its response, it provides no analysis on how there may be an implied contract. As count two of the Complaint alleges unjust enrichment, the Court interprets Amazon's argument to allege that there is a contract "implied in fact" that arose "under circumstances which, according to the ordinary course of dealing and common understanding of men, show a mutual intention to contract." Paschall's, Inc. v. Dozier, 407 S.W.2d 150, 154 (Tenn. 1966). Phoenix does not show how an implied in fact contract exists, so this claim is dismissed.

between Western and Phoenix. As Phoenix alleged that Western negotiated a new contract with FJ Logistics to the detriment of Phoenix, in breach of its previous contract with Phoenix, those allegations are more than sufficient for a breach of contract claim.

B. BREACH OF IMPLIED CONTRACT

Amazon moves to dismiss the breach of implied contract claim in the Amended Complaint. (Doc. No. 37-1 at 5.) It claims that the claim fails because (1) Phoenix received consideration for the benefit it received; (2) Phoenix alleges it is party to an express contract with Western governing the subject matter; and (3) Phoenix failed to exhaust its remedies against Western.

The parties agree that a claim for unjust enrichment requires showing that (1) a benefit was conferred upon Amazon; (2) Amazon did in fact realize on that benefit; and (3) under the circumstances it would be unfair for Amazon to have accepted such a benefit without paying the value of it. (Doc. Nos. 37-1 at 6; 59 at 8); Bennett v. Visa U.S.A., Inc., 198 S.W.3d 747, 755 (Tenn. Ct. App. 2006).

Amazon first argues Phoenix's unjust enrichment claim fails as a matter of law because it received consideration for the goods purchased. (Doc. No. 37-1 at 6-7 (citing D.T. McCall & Sons v. Seagraves, 796 S.W.2d 457, 463-64 (Tenn. App. 1990))). However, in some circumstances, Tennessee law allows an unjust enrichment claim if the amount of consideration paid did not fully satisfy the defendant's obligations. See Aluminum Vinyl Sales Co. v. Woerz, 1993 WL 367125, at *5 (Tenn. Ct. App. Sept. 20, 1993) (finding that the trial court properly found in favor of a plaintiff on an unjust enrichment when a benefit was conferred to the defendant "for which he is obligated to pay the amount still owed."). At least at this stage, Phoenix has alleged sufficient facts to infer that Amazon did not pay the entire amount it owed to FJ Logistics, which affected how

much Western was able to pay Phoenix. As such, the Court denies the motion to dismiss on this ground.

Amazon next argues that there cannot be an unjust enrichment claim when a written contract governs the subject matter of the case. (Doc. No. 37-1 at 7 (citing Power Equipment Co. v. England, 307 S.W.3d 756, 759 (Tenn. Ct. App. 2009))). However, a party "may set out 2 or more statements of a claim . . . alternatively or hypothetically, either in a single count . . . or in separate ones." FED. R. CIV. P. 8(d)(2). Therefore, the fact that the two counts are mutually exclusive is not a ground to dismiss either count.

Last, Amazon argues that Phoenix did not exhaust its remedies against Western, and therefore cannot sue Phoenix under unjust enrichment. (Doc. No. 37-1 at 8 (citing Power Equipment Co. v. England, 307 S.W.3d 756, 760 (Tenn. Ct. App. 2009))). However, Phoenix alleges that "Phoenix demanded that Western pay the obligations, and further notified Western that any attempt to alter the Obligations without the consent of Phoenix was void as a matter of law." (Doc. No. 34 at 5.) Amazon does not argue what further remedy Phoenix was supposed to exhaust as a matter of law—only that it has not "exhausted all remedies." (Doc. No. 37-1 at 8; 62 at 4.) There are sufficient allegations for in the Amended Complaint to state a claim of unjust enrichment, so the motion to dismiss that claim is denied.

C. FAILURE TO JOIN INDISPENSABLE PARTY

Western moves to dismiss the Amended Complaint for failure to join FJ Logistics as a necessary party. (Doc. No. 38-1 at 4.) Under Federal Rule of Civil Procedure 19, a party must be joined if, "in that [party's] absence, the court cannot accord complete relief among existing parties." FED. R. CIV. P. 19(a)(1)(A). The Court agrees that it cannot accord complete relief among existing parties without FJ Logistics because Phoenix's contract with FJ Logistics directly impacts

the liability of all other parties in this action. As there is no allegation that it is not feasible to join FJ Logistics as a defendant in this lawsuit, Keweenaw Bay Indian Community v. State, 11 F.3d 1341, 1345 (6th Cir. 1993), pursuant to Federal Rule of Civil Procedure 19(a)(2), the Court orders FJ Logistics be made a party.

IV. CONCLUSION

For the foregoing reasons, Amazon's Motion to Dismiss (Doc. No. 37) is **GRANTED IN PART** with regard to the breach of contract claim and **DENIED IN PART** with respect to the unjust enrichment claim. Western's Motion to Dismiss (Doc. No. 38) is **DENIED**. Phoenix's breach of contract claim against Amazon is **DISMISSED WITH PREJUDICE**.

Pursuant to Federal Rule of Civil Procedure 19(a)(2), the Court **ORDERS** that FJ Logistics be made a party. Phoenix shall amend its Amended Complaint to add FJ Logistics as a party within fourteen days of the date of this Order. Defendants shall file a responsive pleading within fourteen days of the date Phoenix serves its next Amended Complaint. FED. R. CIV. P. 12(a)(4)(A).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE